# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LARRY D. WILSON,<br>No. 08456-026, | )<br>)<br>) | |
| Petitioner, | )<br>) | |
| vs. | )<br>) | Case No. 19-cv-778-NJR |
| T.G. WERLICH, | )<br>)<br>) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Larry D. Wilson, a federal prisoner currently incarcerated at FCI-Beaumont-Low, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. Petitioner was incarcerated at FCI-Greenville at the time he filed his petition. He asserts that in light of *Rehaif v. United States*, __ U.S. __, 139 S. Ct. 2191 (June 21, 2019), his conviction and sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2), should be vacated. (Doc. 1, p. 3).

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.[1] Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner was convicted upon a plea of guilty in the Central District of Illinois (Case No. 07-cr-20069), and sentenced on May 8, 2007, to a 264 month term of imprisonment for bank

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

1

robbery, felony possession of a firearm, and use of a firearm during a crime of violence. (Doc. 1, p. 2). Petitioner claims that in his case, the Government failed to prove that he knew that he belonged to the category of persons (those with a prior felony conviction) who were prohibited from possessing a firearm, at the time he possessed a firearm.

In *Rehaif*, the Supreme Court held that:

> [I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. We express no view, however, about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here.

*Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019) (defendant's conviction for illegal possession of firearm and ammunition was based on his status of being illegally or unlawfully in the United States; reversing/remanding because the Government had not been required to prove at trial that defendant knew he was unlawfully in the country).

Given the limited record and the still-developing application of *Rehaif*, it is not plainly apparent that Petitioner is not entitled to habeas relief. Without commenting on the merits of Petitioner's claims, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts, and a response shall be ordered.

## Disposition

**IT IS HEREBY ORDERED** that Respondent shall answer or otherwise plead on or before **January 3, 2020**.[2] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States

---

[2] The response date ordered here is controlling. Any date that Case Management/Electronic Case Filing ("CM/ECF") system should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and the Respondent) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 2, 2019**

_____
**NANCY J. ROSENSTENGEL
Chief U.S. District Judge**