## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **LARRY D. WILSON,** | ) | |
| **No. 08456-026,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| vs. | ) | **Case No. 19-cv-778-NJR** |
| | ) | |
| **F.J. GARRIDO,** | ) | |
| **Warden, FCI Beaumont Low,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Petitioner Larry D. Wilson's Motion for Voluntary Dismissal (Doc. 20), filed June 29, 2020.

Wilson filed this habeas corpus action under 28 U.S.C. § 2241 in July 2019 while he was incarcerated at the FCI-Greenville; he was subsequently transferred to FCI-Beaumont Low. Wilson's Habeas Petition argued that the June 2019 opinion in *Rehaif v. United States*, __ U.S. __, 139 S. Ct. 2191 (2019), provided grounds to vacate his 2007 conviction and sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). (Doc. 1, p. 3). Wilson pled guilty and was sentenced to a 264-month term of imprisonment for bank robbery, felony possession of a firearm, and use of a firearm during a crime of violence. *United States v. Wilson*, (Case No. 07-cr-20069 (C.D. Ill.)). (Doc. 1, p. 2).

Respondent opposed the Petition (Doc. 14), and Wilson was given the opportunity to reply. (Doc. 17). Wilson now concedes that after receipt of documents from his previous federal criminal case (*United States v. Wilson*, Case No. 89-cr-20069 (C.D. Ill.)), he was reminded that he entered into a stipulation that he was a convicted felon for purposes of the 18 U.S.C. § 922(g)(1) charge in

1

that matter. He requests the Court to dismiss this action with prejudice. (Doc. 20).

The Court agrees that dismissal is warranted. On the basis of the stipulation Wilson describes in his 1989 case, he cannot plausibly claim that he was unaware of his status as a felon at the time he possessed the firearm in his 2007 federal case. Further, if the *Rehaif* requirement had applied at the time, the stipulation would have allowed the government to easily prove that "he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200.

**IT IS THEREFORE ORDERED** that the Motion for Voluntary Dismissal (Doc. 20) is **GRANTED**. Larry D. Wilson's Petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** with prejudice. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

Pursuant to Wilson's request (Doc. 20), the Clerk is **FURTHER DIRECTED** to transmit a copy of this Order and the Judgment entered in this case to the Clerk of Court for the United States Court of Appeals, Seventh Circuit, with reference to Wilson's pending appeal from this Court's dismissal of an earlier Section 2241 habeas corpus action, *Wilson v. Werlich*, Case No. 17-cv-778-DGW (S.D. Ill.), which is docketed under Appeal No. 19-2277.

If Wilson wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*

*v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Wilson to obtain a certificate of appealability from this disposition of his Section 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED:  June 29, 2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**